NO. 07-00-0348-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 13, 2001

______________________________

DEL EUGENE LANGE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 361
ST
 DISTRICT COURT OF BRAZOS COUNTY;

NO. 26664-361; HONORABLE STEVE SMITH, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

As complained of by appellant’s second issue, the prosecutor at one point during State’s rebuttal summation stated that he had taken an oath and resented allusions of defense counsel that the prosecutor was trying to do a perversion of justice.  The argument was met with an objection that “There’s no evidence of that.”  Then, when the prosecutor immediately responded that the argument was invited, defense counsel further objected that the prosecutor’s opinion was outside the record.  The objections were overruled.  The context of the argument and the objections do not indicate that the trial judge was confused as to what appellant was objecting to and the basis for his objection.  
See
 
Tex. R. App. P
. 33.1(a)(1).
(footnote: 1)
 After the trial court overruled defense counsel’s objections, the prosecutor immediately continued by arguing, in the same vein, that defense counsel was “alluding that I coached that witness.  As a prosecutor, [co-prosecutor] Muldrow and I both took an oath to uphold justice.”  An objection that the State was striking at defendant over the shoulder of counsel was overruled. 
See
 
Wilson v. State
, 938 S.W.2d 57, 60 (Tex.Crim.App. 1996).  The prosecutor then continued with the argument that “Now he’s here to defend his client.  That’s the only thing he’s here to do.”  Defense counsel objected again, and the objection was overruled. 

The State does not attempt to point to evidence in the record of an oath taken by the prosecutors “to uphold justice”.  
Instead, the State classifies its argument as proper because it was in answer to argument of opposing counsel, and was thus invited argument. 
The invited argument rule permits prosecutorial argument outside the record in response to defense argument which goes outside the record.  
See
 
id
. at 60.   

The case against appellant was, in effect, a contest of credibility between the prosecutrix and appellant. The prosecutrix testified that appellant molested her when she and appellant were alone.  Appellant denied the accusations.  The State presented evidence from numerous witnesses to support the prosecutrix’ testimony that her vagina had been penetrated; the defense presented witnesses to question whether her vagina had been penetrated.  The prosecution presented testimony to buttress the argument that the prosecutrix’ reports over time were consistent and truthful; the defense attempted to impeach the credibility of those witnesses, and also  presented witnesses and evidence to buttress appellant’s credibility.  The prosecutrix testified, in part, on cross-examination that the State’s attorneys (1) spent several hours with her in preparing the State’s case, (2) met with her the day before she testified and talked to her about how she was going to testify, (3) “went over the whole thing again,” and (4) “kind of told [me] how to say things” when she was asked questions.  She agreed that her testimony about some details of the molestations, after spending several sessions with the prosecutor, differed from her prior videotaped statement   On re-direct examination by the State, the prosecutrix testified that the State’s attorneys never told her to make anything up about her father, and that the State’s attorneys’ “number one rule” was to always tell the truth.     

Final arguments were vigorous.  Appellant’s counsel questioned credibility of the prosecutrix in his final argument.  Part of his argument addressed her trial testimony in which she agreed that her trial testimony differed from statements she made before having met with prosecutors. 

During trial the prosecutrix testified on cross-examination that she discussed with the prosecutors what happened to her.  She agreed that she had been “kind of” told how to answer questions by the prosecutors, although as previously noted, she also testified that the prosecutors told her to always tell the truth.  Defense counsel was not outside the record and was not drawing unreasonable inferences from the record in commenting on the prosecutrix’ six or so hours of time spent discussing the case with the State’s attorneys and the differences in her testimony at trial from her statements made before her conferences with the State’s attorneys.  The prosecutor would have been within the record to remind the jury that the prosecutrix testified that she was never asked to lie or make anything up by the State’s attorneys, and that the State’s number one rule was for her to tell the truth.  The prosecutor did not choose that argument, however.  Nor did he choose to stay within the record in responding to defense counsel’s argument.  

Departing from the trial record and reasonable inferences to be drawn from the record cannot be justified as invited argument when defense counsel’s argument was based on the trial record and reasonable inferences from the record.  Compounding the effect of the argument that the prosecutors were acting pursuant to an oath to uphold justice was the trial court’s stamp of approval to the argument by overruling defense counsel’s objection, and the prosecutor’s immediate follow-up comparative assertion to the jury that defense counsel was only there to defend his client and that was the only thing he was there to do.  The trial court approved that argument, also, by overruling counsel’s objection. 

In sum, shortly before the jury retired to deliberate on appellant’s guilt or innocence, the jurors heard the State’s attorney, in effect, tell them with court approval that the prosecutors had taken an oath to do justice in presenting their evidence, examining witnesses, making statements during trial, presenting jury summations and trial conduct, whereas the defense attorney had no constraints on presenting testimony, examining witnesses, making objections, making jury summations and his other trial conduct except that his actions be in defense of his client.  The State’s argument and the trial court’s approval provided the jury with an improper framework for evaluating all that occurred during trial.  The State’s presentation, evidence and attorneys were to be viewed with an aura of “seeking justice,” while appellant’s presentation, evidence and defense attorney were to be viewed as having no guiding standard but the amoral standard of “whatever it takes” to obtain a not guilty verdict.    

The State’s response clearly went outside the record in referencing both the oaths taken by the prosecutors and the obligations of defense counsel.  
See
 
Wesbrook v. State
, 29 S.W.3d 103, 115-16 (Tex.Crim.App. 2000); 
Wilson
, 938 S.W.2d at 60.  The Texas Constitutional oath 
which is required to be taken by a prosecuting or assistant prosecuting attorney, and which was not before the jury in any event, does not include an oath to “uphold justice.”  
See
 
Tex. Const
. art. 
XVI
, § 1
;  Tex. Gov’t Code Ann
. § 41.101, 103(a) (Vernon 1988).  Because the argument was not founded in the record, neither the jury, the trial judge nor this court can determine what oaths the prosecutors took, the content of the oaths, and if the prosecutor’s argument as to the oaths was correct. 

Assuming that defense counsel was licensed as an attorney, he had taken the oath required for licensure.  That oath required him to uphold the Constitutions of the United States and of Texas and to honestly demean himself in the practice of law.  
See
 
Tex. Gov’t Code Ann
. § 82.037 (Vernon 1988).  He was subject to (1) rules of conduct of the State Bar, (2) the trial court’s control, (3) the Lawyers Creed and (4) had a professional obligation to represent his client to the best of his ability, 
see
 
id
., within the bounds of the law.  
See
 
Bradt v. West
, 892 S.W.2d 56, 71 (Tex.App.--Houston [1st Dist.] 1994, writ denied).  Defense counsel was under more of an obligation than just “to defend his client. That’s the only thing he’s here to do.”  

At best, the prosecutor’s argument was a misrepresentation to the lay jury of the relative obligations of State’s counsel and defense counsel.  And, it was approved by the trial court.  Moreover, the argument was made at a time when defense counsel had no opportunity to respond.  The State asserts that the argument was not an effort to taint the trial process.  Yet, as noted by the Court of Criminal Appeals, “For many years this Court has recognized prosecutors’ arguments which attack defense counsel are manifestly improper because they serve to inflame the minds of the jury to the accused’s prejudice.”  
Wilson
, 938 S.W.2d at 59.  I conclude that the trial court erred in overruling appellant’s objections to the State’s argument.  Furthermore, I view appellant’s objections as having been timely and, as worded and in context with the prosecutor’s arguments, as having been sufficient to preserve error.  
See
 Rule 33.1(a)(1); 
Wilson
, 938 S.W.2d at 60 (“this type of argument strikes at the defendant over the shoulders of counsel”). 

Improper jury argument is error of non-constitutional dimension.  
Mosley v. State
, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998)(on reh’g). 
 An error other than a constitutional error must be disregarded if the error does not affect substantial rights.  Rule 44.2(b).  An error affects a substantial right of the defendant when the error has a substantial and injurious effect or influence in determining the jury’s verdict.  
King v. State
, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997).  
A criminal conviction will not be reversed for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.  
See
 Rule
 44.2(
b
)
; 
Johnson v. State
, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998).
 
 

The matter before us was a hotly-contested, emotionally-charged case with directly conflicting testimony from not only the prosecutrix and appellant, but also from other witnesses as to credibility of the prosecutrix, credibility of the appellant and medical matters.  Unlike cases exemplified by 
Wilson
, the State’s case was not “strong, if not overwhelming” because built on independent eyewitnesses.  
See
 
Wilson
, 938 S.W.2d at 63-4 (Mansfield, J., dissenting).  The effect and harm of the State’s jury argument reached back to color evidence presented and statements and actions by prosecutors and defense counsel from voir dire through closing arguments.  The issue before us is addressed by language of the Texas Court of Criminal Appeals in 
Wilson
:

In the instant case it is evident the prosecutor was intent upon informing the jury of the distinction he perceived between 
the oath of a prosecutor and the oath of a defense attorney.  It is equally evident that the prosecutor sought to emphasize that such a distinction involved an obligation to ‘seek truth and justice.’. . .  [T]he general public does not understand the concept that defense attorneys are under an ethical obligation to represent the accused regardless of their personal opinion as to the guilt of the accused. . . .  [T]he State re-emphasized the argument after defense counsel objected, and thus compounded the prejudicial effect upon the jury. . . .  [T]he trial judge twice overruled defense counsel’s objection to the State’s improper arguments, and by doing so further aggravated the harm [by putting] ‘the stamp of judicial approval’ on the improper argument. . . .  [W]e are still unable to understand why a prosecutor would depart from the well established rules for proper jury argument.  From the cases cited in part II. of this opinion, it is clear that the type of argument presented here has never been permitted.  938 S.W.2d at 61-62.

The argument complained of via appellant’s second issue was manifestly improper and injected new and harmful matters.  It was designed to alter the jury’s perspective of and framework for evaluating the actions of the attorneys, the trial proceedings, and the evidence.  Appellant’s trial counsel did not invite the argument by arguing outside the trial record.  I would hold that 
the trial court erred in overruling appellant’s objection to the State’s argument and that the error had a substantial and injurious effect or influence in determining the jury’s verdict, 
see
 
King
, 953 S.W.2d at 271, 
had more than a slight effect on the jury, 
see
  
Johnson
, 967 S.W.2d at 417, and warrants reversal of the judgment.  
Rule 44.2(b)
.

Phil Johnson

    Justice

Publish.

FOOTNOTES
1:
Further references to a Texas Rule of Appellate Procedure will be by referencing “Rule_.”